**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DENISE COOK, conservator of the
ESTATE OF ANDREW COOK, a
protected individual

    Plaintiff,

v.

Case No. 11-10314
Hon. Lawrence P. Zatkoff

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

This matter is before the Court on Plaintiff's objection [dkt 18] to Magistrate Judge Mark Randon's order granting Defendant's Motion to Compel Responses to Defendant's First Request for Production of Documents [dkt 17], and Plaintiff's request for stay of the magistrate's order granting Defendant's motion to compel [dkt 19] . Defendant has filed a response to Plaintiff's objection. Plaintiff's request for stay has not been fully briefed, but the Court finds it unnecessary for the reasons set forth below. Therefore, the Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. LR 7.1(f)(2), it is hereby ORDERED that the objection be resolved on the briefs submitted.

### I. BACKGROUND

Plaintiff, the conservator of Andrew Cook ("Cook"), filed this action to recover attendant care benefits pursuant to Michigan's No-Fault Act. Plaintiff's Complaint alleges that Cook suffered serious injuries in an automobile accident on February 28, 2010. As a result, Cook remained in a

coma for a duration of time. During this time, Defendant allegedly denied Cook insurance benefits for "failure to cooperate." It appears this denial was remedied between the parties before Plaintiff filed this action.

When Cook awoke, he was unable to communicate verbally and he had lost control of the motor functions on the left side of his body. The Macomb County Probate Court appointed Cook's mother, Plaintiff, as Cook's conservator. Cook allegedly requires attendant-care services for assistance with his daily needs. Defendant is Cook's insurer and has purportedly paid for all attendant care services provided to Cook by nursing agencies. Plaintiff, however, filed this case seeking reimbursement for attendant care benefits provided to Cook by his family. Defendant has purportedly only paid a portion of these benefits requested.

With respect to the instant objection, Defendant served a First Request for Production of Documents on Plaintiff, requesting in No. 2, "Please produce any notes made by any attendant care provider that document attendant care services provided to Andrew Cook." In response to Defendant's request No. 2, Plaintiff objected, claiming the information was protected by the attorney-client privilege and the attorney work-product doctrine. Defendant then filed a motion to compel production of the documents requested in No. 2, which was referred to Magistrate Judge Randon.

On June 2, 2011, Magistrate Judge Randon held a hearing on the motion. Based on the hearing and papers before Magistrate Judge Randon, on June 13, 2011, a written order was entered, which required Plaintiff to provide a supplemental response to Defendant's request for information concerning the attendant-care services provided to Cook and produce the notes made by any attendant care provider that document attendant care services provided to Cook. On June 27, 2011,

Plaintiff filed the instant objection to the order. Plaintiff argues that Magistrate Judge Randon incorrectly held that the attorney-client privilege and the attorney work product doctrine do not apply to these communications.[1] On the same day, Plaintiff filed a request to stay Magistrate Judge Randon's order until the Court decided Plaintiff's instant objection.

## II. STANDARD OF REVIEW

A district court judge "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

## III. ANALYSIS

### A. ATTORNEY-CLIENT PRIVILEGE

Plaintiff objects to the order claiming Magistrate Judge Randon incorrectly held that Plaintiff failed to establish that the requested documents were created for the purpose of obtaining legal advice and that the documents record "facts" to be provided to a third-party. Plaintiff contends that she always anticipated litigation with Defendant since Defendant had denied Cook his benefits while in a coma. Plaintiff further asserts that the requested documents were not a contemporaneous log of Plaintiff's attendant-care services, but a document created to assist in legal advice from her attorneys.

"In a diversity case, the court applies federal law to resolve work product claims and state

---

[1] Plaintiff also incorporates her response to Defendant's motion to compel [dkt 14].

3

law to resolve attorney-client claims." *In re Powerhouse Licensing, LLC*, 441 F.3d 467, 472 (6th Cir. 2006). Under Michigan law, the scope of the attorney-client privilege is narrow, "it attaches only to confidential communications by the client to its advisor that are made for the purpose of obtaining legal advice." *Fruehauf Trailer Corp. v. Hagelthorn*, 208 Mich. App. 447, 450 (Mich. App.1995). Once a showing is made that the documents in question are relevant, the burden to show that the documents are not discoverable because they are encompassed within a privilege shifts to the party asserting the privilege. *Infosystems, Inc. v. Ceridian Corp.*, 197 F.R.D. 303, 306 (E.D. Mich.2000).

The Court finds Plaintiff's objection and arguments unconvincing. First, the notes made of attendant-care services provided to Cook are relevant to Plaintiff's claims for benefits. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."). Second, having determined that the documents are relevant, Plaintiff must show why the attorney-client privilege shields the notes from discovery. Plaintiff cites to no authority or evidence in her objection to show that Magistrate Judge Randon's findings were clearly erroneous or contrary to law. Plaintiff fails to indicate how the attendant-care services notes, although sent to her attorney, were made for the purpose of obtaining legal advice. *See Freuhauf Trailer Corp*, 208 Mich. App. at 450. Thus, Plaintiff has failed to meet her burden, and the Court denies her objection to Magistrate Judge Randon's order with respect to the attorney-client privilege.

### B. ATTORNEY WORK-PRODUCT DOCTRINE

Plaintiff also objects to the order claiming Magistrate Judge Randon incorrectly concluded that the attorney work-product doctrine was inapplicable to the requested documents. According to Plaintiff, the communications were created at the direction of counsel to assist in preparation for

litigation, and Defendant has failed to show a substantial need for the protected information. Plaintiff asserts that Defendant has already received sufficient information from forms provided by Defendant to Plaintiff, which she submitted to Defendant.

Fed. R. Civ. P. 26(b)(3) protects from discovery "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representatives (including the other party's attorney, . . . ), unless they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A). "If the court orders discovery of those materials, it must protect against the disclosure of the mental impressions, conclusions, opinions or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). The attorney work-product doctrine provides less protection to the underlying facts in a document than the opinions, judgments, and thought processes of a party's attorney. *Upjohn Co. v. U.S.*, 449 U.S. 383, 397–98 (1981).

Similar to Plaintiff's first objection, her arguments that Magistrate Judge Randon incorrectly held that the attorney work-product doctrine is inapplicable is deficient. First, the attendant-care notes do not appear to contain any mental impressions, legal theories, or any statements of Plaintiff's attorney concerning this action. Second, Plaintiff has failed to produce sufficient evidence that the documents were created for anticipation of litigation with Defendant. Plaintiff merely relies on her unsupported allegations. Third, even assuming that the attendant-care services notes are factual work product, the facts may be discovered if there is a substantial need for the documents. Fed. R. Civ. P. 26(b)(3)(A). As Defendant points out, Plaintiff's notes of the attendant-care services

5

provided to Cook are the only reliable evidence of the services provided to Cook.  Moreover, the Court finds Plaintiff's argument that she filled out Defendant's supplied-forms, and therefore, there is not a substantial need for the notes is unpersuasive.  Plaintiff fails to show that the information contained on the forms is as detailed and contains the same facts that are in the attendant-care services notes.  As such, the Court rejects her objection to Magistrate Judge Randon's order with respect to the attorney work-product doctrine.[2]

Accordingly, IT IS ORDERED that Plaintiff's objection [dkt 18] is DENIED, and Plaintiff must comply with Magistrate Judge Randon's order.

IT IS FURTHER ORDERED that Plaintiff's request for stay of magistrate's order granting Defendant's motion to compel [dkt 19] is DENIED as moot.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  July 19, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 19, 2011.

S/Marie E. Verlinde
Case Manager
(810) 984-3290

---

[2] Having addressed Plaintiff's objection, her request for a stay of Magistrate Judge Randon's order is moot.