## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DENISE COOK, Conservator of the ESTATE OF
ANDREW COOK, a Protected Individual,

                                        CASE NO. 11-10314
      Plaintiff,                    HON. LAWRENCE P. ZATKOFF

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on March 1, 2012.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Defendant's Motion to Dismiss Pursuant to Rule 37 [dkt 33]. Plaintiff has not filed a response and the time to do so has expired. *See* E.D. Mich. L.R. 7.1(e). Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the brief submitted without oral argument. For the reasons set forth below, Defendant's Motion to Dismiss Pursuant to Rule 37 [dkt 33] is DENIED.

### II. BACKGROUND

Plaintiff, the conservator of Andrew Cook, filed this action to recover attendant care benefits pursuant to Michigan's No-Fault Act. Plaintiff's Complaint alleges that Andrew Cook suffered serious injuries in an automobile accident on February 28, 2010. As a result, Andrew Cook

remained in a coma for a duration of time. During this time, Defendant allegedly denied Andrew Cook insurance benefits for "failure to cooperate." It appears this denial was remedied between the parties before Plaintiff filed this action.

When Andrew Cook awoke, he was unable to communicate verbally and he had lost control of the motor functions on the left side of his body. The Macomb County Probate Court appointed Andrew Cook's mother, Plaintiff, as Andrew Cook's conservator. Andrew Cook allegedly requires attendant-care services for assistance with his daily needs. Defendant is Andrew Cook's insurer and has purportedly paid for all attendant care services provided to Andrew Cook by nursing agencies. Plaintiff, however, filed this case seeking reimbursement for attendant care benefits provided to Andrew Cook by his family. Defendant has purportedly only paid a portion of these benefits requested.

During discovery, Defendant filed a motion to compel independent medical exams ("IMEs") and depositions. The motion was assigned to the Magistrate Judge. On the same day, Plaintiff's Counsel filed a motion to withdraw as counsel. On September 27, 2011, the Court held a hearing on Plaintiff's motion to withdraw as counsel. The Court granted the order, requiring Plaintiff to obtain substitute counsel within twenty days of September 27, 2011.

Subsequent to the withdrawal of Plaintiff's Counsel, the Magistrate Judge granted Defendant's motion to compel, ordering Plaintiff to do the following within thirty days of October 25, 2011: (1) find substitute counsel and have that counsel enter an appearance; (2) complete the depositions of Plaintiff and Andrew Cook; and (3) schedule the IMEs with Andrew Cook. The Magistrate Judge then provided the following warning to Plaintiff: "[I]f the three above listed items do not occur within the next 30-days, the Magistrate Judge will recommend a complete dismissal

of this case." Substitute counsel has not filed an appearance on behalf of Plaintiff and thus, it appears Plaintiff is proceeding *pro se*.

On January 20, 2012, Defendant filed the instant motion, seeking dismissal of Plaintiff's claims for non-compliance with the Court's orders and failure to prosecute the case. According to Defendant, Plaintiff has not found substitute counsel, not cooperated with the taking of depositions, and expects that Andrew Cook will not attend the scheduled IME with Dr. Robin Hanks. Due to this conduct and the Magistrate Judge's warning, Defendant requests that Plaintiff's case be dismissed pursuant to Fed. R. Civ. P. 37.

### III. ANALYSIS

As a threshold matter, two issues arise upon reviewing the instant motion and this case:

(1) whether Plaintiff was properly served this motion; and

(2) whether Plaintiff may proceed *pro se* on behalf of another individual.

**1. No Evidence of Service of the Motion on Plaintiff**

Plaintiff's Counsel withdrew prior to the filing of the instant motion. At the time this motion was filed, Plaintiff was proceeding *pro se*. Thus, any papers filed by Defendant in this case had to be properly served upon Plaintiff. Apparent from the certificate of service in Defendant's motion, however, is that the motion and brief were mailed to "Andrew Cook." Andrew Cook, however, is not the plaintiff and is represented by a conservator who is "Denise Cook"—the actual Plaintiff listed in the caption of this case. Thus, while Plaintiff has not filed a response to this motion, the Court is unable to determine that Plaintiff was properly served with this motion. To that extent, the Court would find it improvident to address a motion dismissing Plaintiff's case when the Court is unsure whether Plaintiff is aware that this motion is pending. Furthermore, E.D. Mich. L.R. 7.1(a)

requires a party filing a motion to ascertain from the opposing party whether the requested relief in the motion is opposed. There is no indication on Defendant's motion that it attempted to contact Plaintiff and discover whether this motion was opposed.

Accordingly, at this time Defendant's motion is DENIED for failure to establish that the motion was properly served on Plaintiff and for failure to follow the motion filing procedures expressed in the local rules.

## 2. Plaintiff Proceeding *Pro Se* on Behalf of Another

Since September 27, 2011, Plaintiff has been proceeding *pro se* on behalf of Andrew Cook despite the Court's orders to obtain substitute counsel. Although Fed. R. Civ. P. 17(c) permits a guardian to sue on behalf of the real party in interest, it does not state that the guardian may act as legal counsel for the real party in interest. *See Shepherd v. Wellman*, 313 F.3d 963, 970–971 (6th Cir. 2002) ("[P]arents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative."); *Osei-Afriyie v. Med. Coll.*, 937 F.2d 876, 882–83 (3rd Cir. 1991) ("A litigant in federal court has a right to act as *his or her own* counsel." (emphasis added)).

Here, Plaintiff is not asserting her rights against Defendant, but the rights of Andrew Cook. Because nothing in the pleadings indicates that Plaintiff is an attorney, Plaintiff is not permitted to proceed as Andrew Cook's representative without the assistance of legal counsel. The Court has ordered Plaintiff to obtain legal counsel twice, and the Magistrate Judge's order explicitly warned Plaintiff that failure to do so could result in dismissal. Therefore, the Court is ordering Plaintiff, for the third time, that she has thirty (30) days after the date that this Order is filed to obtain substitute counsel. Failure to do so will result in the dismissal of Plaintiff's Complaint.

## IV. CONCLUSION

Accordingly, for the above reasons, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Pursuant to Rule 37 [dkt 33] is DENIED.

IT IS FURTHER ORDERED that Plaintiff has **thirty (30) days** after the date that this Order is filed to obtain substitute counsel. Failure to do so **will** result in the dismissal of Plaintiff's Complaint.

IT IS SO ORDERED.

                                                  S/Lawrence P. Zatkoff
                                                  LAWRENCE P. ZATKOFF
                                                  UNITED STATES DISTRICT JUDGE

Dated: March 1, 2012

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 1, 2012.

                                                  S/Marie E. Verlinde
                                                  Case Manager
                                                  (810) 984-3290