**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DENISE COOK, Conservator of the ESTATE OF
ANDREW COOK, a Protected Individual,

                                        CASE NO. 11-10314
       Plaintiff,                          HON. LAWRENCE P. ZATKOFF

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

       Defendant.
_____/

## ORDER OF DISMISSAL

On January 20, 2012, Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 37. Defendant sought dismissal of Plaintiff's claims for non-compliance with the Court's orders to obtain substitute counsel, failure to prosecute the case, and failure to cooperate with Defendant during discovery. According to Defendant, Plaintiff had not found substitute counsel (as ordered by the Court), not cooperated with the taking of depositions, and Defendant expected that Andrew Cook would not attend a scheduled independent medical exam with Dr. Robin Hanks. Due to this conduct and the Magistrate Judge's prior warning to Plaintiff, Defendant requested that Plaintiff's case be dismissed pursuant to Fed. R. Civ. P. 37.

The Court denied Defendant's motion on March 1, 2012. The Court further noted that, based on federal case law, Plaintiff was not permitted to represent the interests of the Estate of Andrew

Cook without being an attorney admitted to practice before the Court. *See Shepherd v. Wellman*, 313 F.3d 963, 970–971 (6th Cir. 2002) ("[P]arents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative."); *Osei-Afriyie v. Med. Coll.*, 937 F.2d 876, 882–83 (3rd Cir. 1991) ("A litigant in federal court has a right to act as his or her own counsel.") (emphasis added). As a result, the Court ordered:

> 1. Plaintiff has **thirty (30) days** after the date that this Order is filed to obtain substitute counsel. Failure to do so **will** result in the dismissal of Plaintiff's Complaint.

Today is April 5, 2012. Plaintiff has not obtained substitute counsel according to the Court's record, and Plaintiff has not contacted the Court regarding this matter. As the Court discussed in its March 1, 2012, Opinion and Order, Plaintiff may not proceed on behalf of Andrew Cook. 28 U.S.C. § 1654 makes clear that "[i]n all courts of the United States the parties may plead and conduct their own cases *personally or by counsel*." 28 U.S.C. § 1654 (emphasis added). *See Parks v. Township of Portage, Cambria Cnty*, 385 Fed. Appx. 118, 121 (3rd Cir. 2010) ("As a non-attorney, Donald Parks was authorized to represent himself before the District Court, but he was not permitted to represent his siblings."); *Elustra v. Mineo*, 595 F.3d 699, 704 (7th Cir. 2010) (stating that "representative parties such as next friends may not conduct litigation *pro se*; pleadings may be brought before the court only by parties or their attorneys"); *Bradley v. Mason*, No. 1:11 CV 17, 2011 WL 2470297, at *3 (N.D. Ohio June 20, 2011) (finding that two *pro se* prisoners who filed an action on behalf of themselves and certain other prisoners could not represent the other prisoners without being licensed attorneys).

Accordingly, for the reasons stated above and in the March 1, 2012, Opinion and Order, the

Court hereby DISMISSES Plaintiff's cause of action.

    IT IS FURTHER ORDERED that this case is closed.

IT IS SO ORDERED.


                S/Lawrence P. Zatkoff
                LAWRENCE P. ZATKOFF
                UNITED STATES DISTRICT JUDGE

Dated: April 6, 2012

## CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on April 6, 2012.


                S/Marie E. Verlinde
                Case Manager
                (810) 984-3290